*In re* FOSTER

Docket Nos. 289345 and 289346. Submitted July 15, 2009, at Detroit. Decided August 4, 2009. Approved for publication September 24, 2009, at 9:00 a.m.

The Wayne Circuit Court, Family Division, Virgil C. Smith, Jr., J., terminated the parental rights of Steven L. Foster and Tina Ann Szumanski to their minor child. Foster and Szumanski appealed separately, and the Court of Appeals consolidated the appeals.

The Court of Appeals *held*:

1. Although the trial court found that several statutory grounds for termination were met, only one ground need be established by clear and convincing evidence. The trial court did not clearly err when it found under MCL 712A.19b(3)(c)(*i*) that the conditions that led to the adjudication continued to exist and that there was no reasonable likelihood that the conditions would be rectified within a reasonable time considering the child's age.

2. The trial court did not clearly err by finding that termination was in the child's best interests. While Foster and Szumanski argue that the trial court improperly took into consideration the child's placement in foster care, the court did not consider that placement when deciding whether statutory grounds warranted termination. It is inappropriate for a court to consider the advantages of a foster home when deciding whether a statutory ground for termination exists, but that consideration is appropriate in a best-interests determination under MCL 712A.19b(5).

Affirmed.

PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — BEST INTERESTS OF THE CHILD — FOSTER CARE PLACEMENT.

A court may consider foster home placement when deciding whether the termination of parental rights to the child is in the child's best interest (MCL 712A.19b[5]).

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, *Rebekah Mason Visconti*, Division

Chief, and *Tonya Celeste Jeter*, Assistant Attorney General, for the Department of Human Services.

*Anthony G. Carlesimo* for Steven L. Foster.

*Janice A. Furioso* for Tina A. Szumanski.

Before: SAAD, C.J., and SAWYER and BORRELLO, JJ.

PER CURIAM. In these consolidated appeals, respondents, Steven Lemer Foster and Tina Ann Szumanski, appeal the court's November 10, 2008, order that terminated their parental rights to the minor child, Tommy Jay Rule Foster, pursuant to MCL 712A.19b(3)(c)(*i*), (g), (i), (j), and (*l*). For the reasons set forth below, we affirm.

### I. GROUNDS FOR TERMINATION

Pursuant to MCL 712A.19b(3)(c)(*i*), the trial court found that the "conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." Jurisdiction over Tommy was based on the application of the doctrine of anticipatory neglect, *In re LaFlure*, 48 Mich App 377, 392; 210 NW2d 482 (1973), which provides that the parents' treatment of other children is indicative of how they would treat the child in question. The "conditions that led to the adjudication" with respect to Tommy were those surrounding the temporary wardship over his older siblings, which continued at the time of and after the termination of respondents' parental rights to Tommy. The underlying conditions included respondent father's drinking, the children's poor school attendance, and respondents' inability to manage their household and finances despite receiving extensive ser-

vices, which resulted in two evictions and a recurring lack of food. The proper inquiry is whether those conditions, to which the trial court presumed Tommy would be subject, continued to exist and whether there was any reasonable likelihood that they would be rectified within a reasonable time.

The record supports the court's ruling that respondent father's drinking continued to exist. Respondent father had not consistently submitted to alcohol screens, as required by the parent-agency agreement. He failed to provide any screens in 2008 and provided only 3 of 52 requested screens in 2007. And in 2006, he provided two screens during the entire year. Another of the initial conditions of adjudication relating to both respondents, school attendance, continued to be a problem. While respondents were able to bring their housekeeping to a marginally acceptable level, they did not adequately manage resources, as they remained unable to allocate bus fare for visits, even though both respondents worked and received supplemental security income benefits from the government. Under these conditions, the trial court did not clearly err when it found that the initial conditions of adjudication continued to exist.

Further, the trial court did not clearly err when it found that there was no reasonable expectation that the conditions of adjudication would be rectified within a reasonable time considering the ages of the children. MCL 712A.19b(3)(c)(*i*). Respondents received 10 years of services during the course of this case, and intensive services were provided before this case began. Over this length of time, respondents benefited only slightly, but in the opinion of foster care worker Beverly Purnell, not enough to provide the structure that Tommy needs. The family functioned marginally with intensive in-home

services, which were no longer available to them. Under these circumstances, the trial court did not clearly err by finding no reasonable expectation that the conditions of adjudication would be rectified within a reasonable time considering the ages of the children.

Because one statutory ground for termination was established by clear and convincing evidence, we need not consider whether the other grounds cited by the trial court also supported the termination decision.[1] *In re McIntyre*, 192 Mich App 47, 50; 480 NW2d 293 (1991).

## II. BEST INTERESTS OF THE CHILD

The trial court did not clearly err by finding that termination was in Tommy's best interests. Tommy was in the care of respondents for only five weeks of his life. His parents, by failing to substantially comply with their treatment plan and by providing only minimally adequate custody for the older children with extensive assistance (which was no longer available), demonstrated their inability to provide minimally adequate care and structure for Tommy, who has special needs and must continue therapy. Tommy developed well in his foster care placement and, according to an agency report filed after termination, his foster parents want to adopt him.

---

[1] We note that the trial court clearly erred when it relied on MCL 712A.19b(3)(i) for the termination of respondents' parental rights. While the court properly found that respondents' parental rights to another child were terminated under MCL 712A.19b(3)(*l*), the record does not contain evidence that the termination was because of "serious and chronic neglect or physical or sexual abuse," as required by MCL 712A.19b(3)(i). In any event, the court had ample grounds to terminate respondents' parental rights to Tommy and, therefore, this error does not affect the disposition of the case.

Respondents argue that the trial court improperly took into consideration Tommy's foster care placement. Respondent mother relies on *Fritts v Krugh*, 354 Mich 97; 92 NW2d 604 (1958), overruled on other grounds by *In re Hatcher*, 443 Mich 426 (1993), to support her position. In *Fritts*, the Court found no evidence of neglect to justify termination and observed that

[i]t is totally inappropriate to weigh the advantages of a foster home against the home of the natural and legal parents. Their fitness as parents and the question of neglect of their children must be measured by statutory standards without reference to any particular alternative home which may be offered the children. [*Fritts, supra* at 115.]

In *In re Mathers*, 371 Mich 516, 530; 124 NW2d 878 (1963), the Supreme Court agreed that it was inappropriate to weigh the advantages of alternative placements against placement with the parents when deciding the questions of parental fitness and neglect. However, the Court also noted that such evidence "may have been relevant to an order of disposition . . . ." *Id.*

The trial court did not consider Tommy's foster home placement when deciding whether statutory grounds warranted termination of respondents' parental rights and, instead, considered his placement when deciding whether termination would be in his best interests. Importantly, an express statutory provision for the consideration of the best interests of the child did not exist when the cases cited earlier were decided; one was added by the 1994 amendments of the termination statute. *In re Trejo Minors*, 462 Mich 341, 350-351; 612 NW2d 407 (2000). Before those amendments, a trial court had the discretion to terminate parental rights once it found the existence of one or more statutory grounds for termination. *Id.* at 350. Now, "[o]nce the

petitioner has presented clear and convincing evidence that persuades the court that at least one ground for termination is established under [MCL 712.19b(3)], the liberty interest of the parent no longer includes the right to custody and control of the children."[2] *Id.* at 355. In other words, once a statutory ground is established, a parent's interest in the care and custody of his or her child yields to the state's interest in the protection of the child. *Id.* at 356. Thus, while it is inappropriate for a court to consider the advantages of a foster home in deciding whether a statutory ground for termination has been established, such considerations are appropriate in a best-interests determination. Accordingly, the court did not clearly err in its best-interests determination.

Affirmed.

---

[2] The court in *Trejo* considered MCL 712.19b(5), the statute concerning consideration of best interests, as it existed before the recent amendment by 2008 PA 199 that was effective July 11, 2008.