# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* B. L. MARTIN, Minor.

UNPUBLISHED
November 4, 2014

No. 321361
Ogemaw Circuit Court
Family Division
LC No. 11-014704-NA

Before: METER, P.J., and WHITBECK and RIORDAN, JJ.

PER CURIAM.

Respondent appeals as of right the trial court order terminating her parental rights to her minor daughter (d/o/b October 20, 2009) pursuant to MCL 712A.19b(3)(c) (conditions leading to adjudication continue to exist), (g) (failure to provide proper care or custody), and (j) (reasonable likelihood of harm). Respondent does not challenge the statutory grounds for termination, but solely raises a claim regarding the trial court's best interest analysis. We affirm.

## I. BEST INTERESTS

### A. STANDARD OF REVIEW

We review for clear error a trial court's decision regarding a child's best interests. *In re Rood*, 483 Mich 73, 90-91; 763 NW2d 587 (2009). "A finding is clearly erroneous if although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *Id.* (quotation marks, citations, and brackets omitted).

### B. ANALYSIS

In determining the best interest of the child, the trial court may consider various factors including the child's bond to the parent, the parent's parenting ability, the advantages of a foster home over the parent's home, and the child's need for permanency, stability, and finality. *In re Olive/Metts*, 297 Mich App 35, 41-42; 832 NW2d 144 (2012). It also bears repeating that "once a statutory ground is established, a parent's interest in the care and custody of his or her child yields to the state's interest in the protection of the child." *In re Foster*, 285 Mich App 630, 635; 776 NW2d 415 (2009).

"[T]he fact that the children are in the care of a relative at the time of the termination hearing is an explicit factor to consider in determining whether termination was in the children's

-1-

best interests." *In re Olive/Metts Minors*, 297 Mich App at 43 (quotation marks and citation omitted). Here, the trial court explicitly considered the minor's placement with relatives when analyzing the best interest. Nevertheless, the trial court ultimately concluded that "[a]lthough [the minor] is placed with relatives it is still in her best interest to have permanency. . . . A guardianship is not a permanent alternative and would not give [the minor] the permanent, secure loving home that she needs. It is in [the minor's] best interest to have a permanent[,] stable, safe, and loving environment." As noted *supra*, the trial court may consider the minor's need for permanency and stability in determining the minor's best interest. *In re Olive/Metts*, 297 Mich App at 41-42.

Further, the record supports the trial court's conclusion that the minor's best interest was served through termination. Respondent continually struggled with drug abuse, and relapsed in September 2013. On appeal, respondent minimizes her relapse and characterizes termination as premature. The record refutes such arguments. In the month of September 2013 alone, respondent tested positive for morphine and cocaine five times. This was after she had received services and treatment at the Odyssey house. Further, she showed no inclination to participate in services in the four months between September and the termination hearing in January. Indeed, she did not attend the termination hearing, and had apparently decamped to another state. Respondent did not attend parenting time since her relapse in September and showed no apparent interest in continuing her relationship with the minor.

Given the minor's positive developmental growth in her placement, her strong bond with her relatives, and respondent's failure to benefit from services and maintain parenting time, the trial court did not err in finding that termination was in the minor's best interests.

## II. CONCLUSION

The trial court did not err in finding that termination was in the minor's best interest. We affirm.

/s/ Patrick M. Meter
/s/ William C. Whitbeck
/s/ Michael J. Riordan