# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* DAVIS, Minors.

UNPUBLISHED
June 2, 2016

No. 328868
Wayne Circuit Court
Family Division
LC No. 12-505907-NA

Before: GADOLA, P.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

Respondent appeals as of right from an order terminating his parental rights to the minor children pursuant to MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), (h), and (j). We affirm.

In March 2012, the initial petition was filed seeking court jurisdiction over the minor children. According to the petition, the children's mother had a history of substance abuse and domestic violence with respondent.[1] Further, respondent was involved in an altercation with the mother's boyfriend, had a prior conviction for child abuse involving an older child, and was living in a shelter with the children. Following a trial, the court assumed jurisdiction over the children and ordered respondent to comply with a treatment plan requiring a substance abuse assessment, parenting classes, anger management therapy, and psychological and psychiatric evaluations. Respondent also had to obtain suitable housing and income.

By December 2012, respondent had suitable housing, and he had progressed to overnight visits with his children. He had completed his evaluations and parenting classes, was in counseling, and visits were going well. The children were returned to respondent's care. However, in April 2013, a change of placement petition was filed seeking removal of the children again because respondent was in jail. The children were placed back in foster care for a second time. Respondent was released from jail in July 2013, continued services, and by November 2013, the worker recommended returning the children to respondent's care because he was complying with his treatment plan, unsupervised visits were going well, he was working, and he had a home. The children were returned to respondent's care.

---

[1] The children's mother died during these proceedings.

-1-

However, in January 2014, another petition requesting removal of the children was authorized. According to the petition, respondent had been jailed for assault and domestic violence against his girlfriend. The record reflects that respondent attempted to strangle his girlfriend while the children were in the home. The children were placed in foster care for a third time. Respondent pleaded guilty to his pending charge. He was sentenced to 36 months of probation, with the first year spent in jail. He was scheduled to be released after successful completion of a domestic violence program. However, respondent did not successfully complete the program, which was a violation of his probation. As a result of the probation violation, he was sentenced to 29 to 60 months in prison. Subsequently, a termination petition was filed based on respondent's pattern of domestic violence, lack of suitable housing and income, failure to comply with his probation, current incarceration, and criminal history. Following a hearing, the trial court entered an order terminating respondent's parental rights.

In order to terminate parental rights, the trial court must find that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met by clear and convincing evidence. *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011).[2]

Termination was based on MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), (h), and (j), which permit termination of parental rights under the following circumstances:

> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:
>
> (*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.
>
> (*ii*) Other conditions exist that cause the child to come within the court's jurisdiction, the parent has received recommendations to rectify those conditions, the conditions have not been rectified by the parent after the parent has received notice and a hearing and has been given a reasonable opportunity to rectify the conditions, and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

\* \* \*

---

[2] This Court reviews for clear error a trial court's finding of whether a statutory ground for termination has been proven by clear and convincing evidence. MCR 3.977(K); *In re BZ*, 264 Mich App 286, 296; 690 NW2d 505 (2004). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Id.* at 296-297.

(g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

(h) The parent is imprisoned for such a period that the child will be deprived of a normal home for a period exceeding 2 years, and the parent has not provided for the child's proper care and custody, and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

* * *

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

The trial court did not clearly err in finding at least one statutory ground for termination established by clear and convincing evidence. It had been about three years since the initial disposition, and respondent failed to resolve his issues with domestic violence and anger management. Despite his involvement in services to resolve these issues, respondent continued to engage in violent acts while this case was pending. Most recently, he violently assaulted his girlfriend, resulting in removal of the children from his care. Then he assaulted a fellow prisoner while incarcerated. Respondent's continued domestic violence resulted in the children's repeated placements into foster care and subjected them to emotional harm. The worker involved in this case opined that respondent had not benefited from services and that it could take a very long time for respondent to be able to parent his children. Given these circumstances, and the length of time this case was pending, the trial court did not clearly err in terminating respondent's parental rights pursuant to MCL 712A.19b(3)(c)(*i*), (g), and (j).[3]

The trial court also did not clearly err in terminating respondent's parental rights under MCL 712A.19b(3)(h). In *Mason*, 486 Mich 142, 160-161; 782 NW2d 747 (2010), our Supreme Court explained:

MCL 712A.19b(3)(h) authorizes termination only if *each* of three conditions is met:

The parent is imprisoned for such a period that [1] the child will be deprived of a normal home for a period exceeding 2 years, *and* [2] the parent has not provided for the child's proper care and custody, *and* [3] there is no reasonable expectation that the parent

---

[3] We do not agree, however, MCL 712A.19b(3)(c)(*ii*) established. However, given that only one statutory ground need be established, the error was harmless. See *In re Foster*, 285 Mich App 630, 633; 776 NW2d 415 (2009).

will be able to provide proper care and custody within a reasonable time considering the child's age.

The combination of the first two criteria—that a parent's imprisonment deprives a child of a normal home for more than two years *and* the parent has not provided for proper care and custody—permits a parent to provide for a child's care and custody *although the parent is in prison*; he need not *personally* care for the child. The third necessary condition is forward-looking; it asks whether a parent "will be able to" provide proper care and custody within a reasonable time. Thus, a parent's past failure to provide care because of his incarceration also is not decisive. [quoting MCL 712A.19b(3)(h) (emphasis and brackets in original.]

In this case, respondent's earliest release date was May 2016, but his latest release date was in 2018. As the trial court noted, respondent had several infractions while in prison. In particular, respondent assaulted a prisoner and he had acquired another misconduct ticket for being in an unauthorized area. Given this information, the court could reasonably determine that respondent's conduct would jeopardize his chances at an early release and that he would be held until 2018, which was more than two years away. Moreover, respondent had not provided for the children's proper care and custody while he was in prison, as his children were in non-relative foster care. An incarcerated parent may provide proper care and custody in the future by voluntarily granting legal custody to relatives during a remaining term of incarceration. *Id.* at 163. Although respondent's sister testified that she was willing to care for the children at the hearing, she had not previously come forward to express interest in caring for them. Given these circumstances, the trial court did not clearly err in terminating respondent's parental rights under MCL 712A.19b(3)(h).[4]

The trial court also did not clearly err in finding that termination of respondent's parental rights was in the children's best interests.[5] In deciding a child's best interests, a court may consider "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014) (quotation omitted). The trial court should weigh all the evidence available to determine the child's best interests. *Id.* at 713.

---

[4] Contrary to respondent's claim, the trial court did not base termination on only his incarceration. Incarceration alone is not a proper basis for termination. *Mason*, 486 Mich at 160. The court's comments indicated that its ruling was based on respondent's failure to resolve his domestic violence issue, not just his current status as a prisoner. Moreover, the fact that respondent never physically harmed his children in the past did not preclude termination. The trial court could reasonably conclude that respondent's unresolved domestic violence/anger management issues resulted in an inability to provide proper care and custody for his children and posed a risk to them, justifying termination.

[5] We review the trial court's decision regarding the children's best interests for clear error. *Trejo*, 462 Mich 341, 356-357; 612 NW2d 341 (2000).

There was evidence that respondent lacked a bond with his children.  Moreover, the children were both in good foster homes and had bonded with their families.  They had been in care a lengthy period of time and had already endured two failed reunifications.  Despite numerous services and almost three years, respondent failed to resolve his anger management and domestic violence issues.  Accordingly, the trial court did not clearly err in finding by a preponderance of the evidence that termination of respondent's parental rights was in the children's best interests.

Affirmed.


/s/ Michael F. Gadola
/s/ Deborah A. Servitto
/s/ Douglas B. Shapiro