*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re M. A. M. SEABURY, Minor.

UNPUBLISHED
June 4, 2019

No. 346258
Oakland Circuit Court
Family Division
LC No. 2017-858816-NA

Before: SWARTZLE, P.J., and M.J. KELLY and TUKEL, JJ.

PER CURIAM.

Respondent-mother appeals as of right a circuit court order terminating her parental rights to the minor child pursuant to MCL 712A.19b(3)(c)(*i*), (g), and (j). We affirm.

Respondent argues that there were insufficient statutory grounds on which to have terminated her parental rights. We disagree.

"In order to terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met." *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). This Court reviews "the trial court's findings of fact under the clearly erroneous standard." *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009); see also MCR 3.977(K). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004).

MCL 712A.19b(3)(c)(*i*), one of the statutory grounds on which the circuit court relied in terminating respondent's parental rights, provides:

(3) The court may terminate a parent's rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:

\* \* \*

(c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

(*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

Approximately seven months, a period in excess of 182 days, had elapsed between the circuit court's entry of an initial dispositional order and the commencement of the termination hearing. On February 20, 2018, the court ordered respondent to participate in individual therapy, parenting classes, and a psychological evaluation. The court also ordered respondent to regularly attend supervised parenting times and to maintain employment, proper housing, and a support system. It required her participation in a psychological evaluation because of concerns regarding her conduct in unexpectedly leaving the adjudication trial, her becoming easily agitated during parenting times, her stated reluctance to participate in services, her swearing at a caseworker, her speaking under her breath in the worker's presence, and her exhibition of severe mood swings in the worker's presence and at a homeless shelter.

The caseworker referred respondent for a psychological evaluation, but she did not attend. Respondent reportedly underwent an evaluation elsewhere, but she refused to identify the evaluating clinic and refused to authorize a release of the information.

The caseworker and respondent discussed that respondent could seek employment assistance through Michigan Works, but respondent did not identify an employer, substantiate any employment, identify another income source, or document her enrollment in school. Respondent also had no proper housing. Although petitioner had referred respondent to a shelter where she could reside with the child, respondent left the shelter after it placed a restriction on her for not staying there when she was expected. In July 2018, the caseworker could not verify where respondent was living because respondent would not communicate with the caseworker. Respondent's lack of a stable address also precluded the caseworker from enrolling respondent in individual therapy, and respondent expressed a lack of interest in attending therapy.

Petitioner offered respondent weekly, supervised parenting times between November 2017 and February 2018. She frequently arrived late, and she missed more parenting times than she attended. According to the caseworker, respondent consistently complained, without foundation, about the child's appearance and care in foster care, unnecessarily changed his clothes, and often described him as a "dirt bag." She improperly placed the child in his car seat, mistakenly fed him when he was in his car seat, and placed diaper cream on the child's face, incorrectly believing that it would treat his baby acne. Respondent ignored the caseworker's efforts to redirect respondent's inappropriate behaviors. The caseworker observed respondent properly feed and hold the child several times, but more often than not the caseworker felt concerned about respondent's poor parenting skills. Respondent had threatened to take the child during the parenting times; such threats caused the caseworker to obtain security escorts for the child at the conclusion of the parenting time visits, while respondent left by other routes. In light of respondent's inappropriate behavior and threats, petitioner requested that the circuit court suspend respondent's parenting times in February 2018. Petitioner offered to reinstate the

parenting times upon respondent's participation in a psychological evaluation, but respondent never completed one. Although the caseworker referred respondent to a supportive visitation parenting program, she did not meet the requirements of the program because her parenting times had been suspended. The caseworker testified that during a two-month period, respondent failed to communicate or respond to the caseworker, despite repeated attempts to communicate.

Clear and convincing evidence showed that the conditions leading to the child's adjudication in February 2018, principally respondent's lack of proper housing, the absence of an income or supplies for the infant child, and the concern that respondent had a mental illness affecting her capacity to parent, continued to exist in September and October 2018. The testimony of the caseworker, which the circuit court credited, established that respondent had failed to document her possession of housing, an income, or her participation in a psychological evaluation. The caseworker and respondent also agreed that respondent had no involvement in individual therapy or parenting education. The evidence also supports the circuit court's finding that there was no reasonable likelihood that the conditions that led to the adjudication would be rectified within a reasonable period of time given respondent's refusal throughout the proceedings to commence any services. See *In re LE*, 278 Mich App 1, 28; 747 NW2d 883 (2008); *In re Dahms*, 187 Mich App 644, 648; 468 NW2d 315 (1991).

The circuit court did not clearly err by finding clear and convincing evidence warranting the termination of respondent's parental rights pursuant to MCL 712A.19b(3)(c)(*i*).

Because only one statutory ground is necessary to support the termination of a parent's rights, we need not address whether any other conditions were satisfied as well. *In re Foster*, 285 Mich App 630, 633; 776 NW2d 415 (2009).[1]

Affirmed.

/s/ Brock A. Swartzle
/s/ Michael J. Kelly
/s/ Jonathan Tukel

---

[1] Because respondent does not directly challenge the trial court's findings related to the child's best interests, see MCL 712A.19b(5), we need not address that issue. See *Yee v Shiawassee Co Bd of Comr's*, 251 Mich App 379, 406; 651 NW2d 756 (2002). Regardless, the record amply shows that the trial court did not err when it determined that termination of respondent's parental rights was in the best interests of the child.