*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* E. SANDERS, Minor.

UNPUBLISHED
July 9, 2019

No. 345604
Calhoun Circuit Court
Family Division
LC No. 2016-001494-NA

Before: TUKEL, P.J., and SERVITTO and RIORDAN, JJ.

PER CURIAM.

Respondent appeals as of right from the trial court order terminating her parental rights to her minor child under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), (j), and (*l*). We affirm.

Respondent's sole argument on appeal is that the trial court erred in terminating her parental rights because she has a constitutional right to the care and custody of her child. Respondent did not raise any constitutional objections at the trial court; accordingly, the issue is not preserved, and our review is for plain error affecting substantial rights. *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008).

> Parents possess a fundamental interest in the companionship, custody, care, and management of their children, an element of liberty protected by the due process provisions in the federal and state constitutions. US Const, Am XIV; 1963 Const, art 1, § 17. Because child protective proceedings implicate "an interest far more precious than any property right," *Santosky v Kramer*, 455 US 745, 758-759; 102 S Ct 1388; 71 L Ed 2d 599 (1982), "to satisfy constitutional due process standards, the state must provide the parents with fundamentally fair procedures." *Hunter v Hunter*, 484 Mich 247, 257; 771 NW2d 694 (2009) (quotation marks and citation omitted). [*In re Yarbrough*, 314 Mich App 111, 122; 885 NW2d 878 (2016).]

However, respondent fails to appreciate that "[a] parent's right to control the custody and care of her child[] is not absolute, as the state has a legitimate interest in protecting 'the moral, emotional, mental, and physical welfare of the minor' and in some circumstances 'neglectful parents may be separated from their children.' " *In re Sanders*, 495 Mich 394, 409-410; 852 NW2d 524 (2014), quoting *Stanley v Illinois*, 405 US 645, 652; 92 S Ct 1208; 31 L Ed 2d 551

(1972). "Once the petitioner has presented clear and convincing evidence that persuades the court that at least one ground for termination is established under [MCL 712A.19b(3)], the liberty interest of the parent no longer includes the right to custody and control of the child[]." *In re Trejo*, 462 Mich 341, 355; 612 NW2d 407 (2000); see also *In re Moss*, 301 Mich App 76, 85-86; 836 NW2d 182 (2013). "In other words, at that point, 'the parent's interest in the companionship, care, and custody of the child gives way to the state's interest in the child's protection.'" *In re Moss*, 301 Mich App at 93-94 (WILDER, J., concurring), quoting *In re Trejo*, 462 Mich at 356.

Thus, a parent's constitutional right to the companionship, care, and custody of her child is not violated if the trial court appropriately finds that a statutory ground for termination was proven by clear and convincing evidence. Here, the trial court found that the statutory grounds in MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), (j), and (*l*) were established by clear and convincing evidence. Therefore, respondent has failed to show how her constitutional rights were violated by the termination of her parental rights.[1]

In this case, while not raised in her statement of questions presented, respondent suggests in her brief on appeal that the trial court violated her constitutional right to parent because the termination was predicated solely on the basis that she was homeless. Upon review of the record, however, there is no indication that respondent's homelessness was the sole basis for the trial court's decision to terminate respondent's parental rights. Rather, the record suggests that the trial court in this case terminated respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), and (j) due to respondent's history of mental-health issues, her inability to provide her child with proper care, and the strong likelihood that the child would be harmed if returned to respondent's care. The statutory grounds properly cited by the trial court provide:

> (3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:
>
> \* \* \*
>
> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

---

[1] We note that although 2018 PA 58 was effective at the time of termination of respondent's parental rights, the trial court relied on the previous version of MCL 712A.19b(3)(*l*). Aside from this provision not being effective at the time of termination, this Court in *In re Gach*, 315 Mich App 83, 98-99; 889 NW2d 707 (2016), held that the provision was unconstitutional. Regardless, as we mention later, our review of the record shows that the trial court did not clearly err in making these findings with respect to the other, properly applicable statutory factors, and only one statutory ground need be proven to terminate a parent's parental rights. *In re Foster*, 285 Mich App 630, 633; 776 NW2d 415 (2009).

(*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

(*ii*) Other conditions exist that cause the child to come within the court's jurisdiction, the parent has received recommendations to rectify those conditions, the conditions have not been rectified by the parent after the parent has received notice and a hearing and has been given a reasonable opportunity to rectify the conditions, and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

* * *

(g) The parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

* * *

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

Here, the trial court found that termination was warranted under these subsections in light of respondent's mental-health issues, her inability to provide her child with proper care, and the strong likelihood that the child would be harmed if returned to respondent's care. Notably, respondent does not challenge any of the trial court's findings. In any event, after a review of the record, we find no clear error in the trial court's determinations. For example, respondent admitted that her parental rights were terminated to four other children in Nebraska for these same reasons.[2] Respondent continues to have the same issues. The trial court specifically noted that while respondent seems to have dealt with the housing issues, she still deals with mental-health and parenting issues that led to adjudication. Indeed, instead of following a mental-health treatment plan or taking prescribed medications, respondent does what she thinks is best,

_____

[2] To be clear, the fact that respondent previously had her parental rights to four other children terminated is not per se evidence that termination is now proper under MCL 712A.19b(3)(g) or (j). However, while the doctrine of anticipatory neglect, standing alone, is not necessarily a proper basis for termination, the circumstances surrounding a prior termination can constitute evidence that the trial court may properly consider as part of a parent's entire history when attempting to predict how the parent might treat another child. See *In re JL*, 483 Mich 300, 331-334; 770 NW2d 853 (2009); cf. *In re LaFrance*, 306 Mich App 713, 730-732; 858 NW2d 143 (2014). This is especially the case if a parent's history, including the circumstances surrounding a prior termination, clearly shows a pattern of behavior that has not meaningfully changed. Such is the case here.

including self-medicating without consulting a physician and only partially completing treatment plans. These mental-health issues can lead to erratic behavior as was evident in respondent's multiple attempts to bring a knife to her parenting time. Respondent's mental state contributes to her inability to control her anger and aggression, which creates an unsafe environment for the child and even led to the court suspending respondent's parenting time. The trial court specifically noted that respondent lacks the mental stability required to properly care for the child and gives no expectation that this will change in a reasonable amount of time. Accordingly, contrary to respondent's assertion, the record reflects that the trial court did not terminate respondent's parental rights merely due to homelessness; and the record contains clear and convincing evidence to warrant termination of respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), and (j).

"Once a statutory basis for termination has been shown by clear and convincing evidence, the court must determine whether termination is in the child's best interests." *In re LaFrance*, 306 Mich App 713, 732-733; 858 NW2d 143 (2014), citing MCL 712A.19b(5). Although respondent does not raise the issue of best interests on appeal, the trial court did not clearly err in finding that a preponderance of the evidence showed that termination of her parental rights was in the best interests of the child. The trial court addressed respondent's lack of ability to care for her child and her history of failing to fully comply with her case treatment plan. The trial court also addressed the child's need for permanency after spending nearly two-thirds of her life in foster care and noted that while a bond exists between respondent and the child, the suspension of parenting time had minimal or no effect on the child. Based on a review of the entire record in this case, we cannot conclude that the trial court clearly erred in finding by a preponderance of the evidence that termination of respondent's parental rights was in the child's best interests.

Affirmed.

/s/ Jonathan Tukel
/s/ Deborah A. Servitto
/s/ Michael J. Riordan