*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re CRYSLER, Minors.

UNPUBLISHED
August 29, 2019

No. 347238
Oakland Circuit Court
Family Division
LC No. 2017-851729-NA

Before: K. F. KELLY, P.J., and TUKEL and REDFORD, JJ.

PER CURIAM.

In this termination of parental rights case, respondent-mother appeals as of right the court's order terminating her rights to the minor children, KLC and DNC, pursuant to MCL 712A.19b(3)(c)(*i*) (adjudication conditions continue to exist) and (g) (failure to provide proper care and custody). For the reasons provided below, we affirm.

## I. BASIC FACTS

In 2017, the Department of Health and Human Services (DHHS) filed a petition seeking temporary custody of the minors because of ongoing substance abuse by respondent and the minors' father; respondent's mental instability; and housing concerns.[1] Two weeks prior to the filing of the petition, respondent attempted suicide in the home, while the children were present. Respondent and family then were evicted from their home because of poor conditions and began living in a hotel. Respondent eventually left the hotel for a homeless shelter and later was incarcerated. While undergoing court-provided therapy and random drug testing, respondent failed to appear for many of the drug screens and, when she did appear, sometimes tested positive for cocaine and marijuana. While respondent attended most of her parenting visits, she appeared "out of it" during some of the visits. Respondent was inconsistent with attending

---

[1] Following the filing of the original petition, respondent and the minors' father had an altercation which led to their separation. Following that episode, the father planned for reunification separately, and a supplemental petition was filed listing respondent as the sole respondent in this case.

therapy and counseling, and her employment history was sporadic at best. The trial court found that statutory grounds for termination under MCL 712A.19b(3)(c)(*i*) and (g) had been proven by clear and convincing evidence and that termination was in the best interests of the children.

## II. ANALYSIS

"In order to terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met." *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). And once a statutory ground for termination of parental rights has been established, the trial court must order the termination of parental rights if the trial court finds by a preponderance of the evidence that termination of parental rights is in the children's best interests. MCL 712A.19b(5); *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013).

## A. STATUTORY GROUNDS FOR TERMINATION

Respondent first argues that the trial court clearly erred in finding that termination of her parental rights to the minor children under MCL 712A.19b(3)(c)(*i*) and (g) had been proven by clear and convincing evidence. We disagree. This Court reviews for clear error a trial court's factual determination that statutory grounds exist for termination. *In re VanDalen*, 293 Mich App at 139. "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004).

The trial court first found that termination of respondent's parental rights to the minor children was proper under MCL 712A.19b(3)(c)(*i*), which states in relevant part as follows:

(3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:

\* \* \*

(c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

(*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

There was clear and convincing evidence to support termination of respondent's parental rights under MCL 712A.19b(3)(c)(*i*). Respondent does not contest that she was a respondent in a proceeding brought under this chapter, nor does she contest that 182 or more days elapsed since the issuance of an initial dispositional order. Further, at the time of the termination trial, respondent had not benefited from services meant to rectify the conditions that led to the adjudication in this case, namely, improper housing, lack of mental health treatment, and

substance abuse, and there was no reasonable likelihood that she would do so in a reasonable amount of time given her children's ages.

During trial, there was sufficient evidence presented that respondent had not redressed her housing, mental health, and substance abuse issues and was unlikely to do so within a reasonable amount of time. Throughout the proceedings, respondent continued to skip drug screens and tested positive for drug use on other occasions. She did not regularly avail herself of mental health services. Additionally respondent's most recent home was a one-bedroom apartment with her boyfriend, which she admitted was not a proper place for the children. Given the evidence of respondent's failure to consistently participate in counseling and therapy, her continued drug use, her lack of income and suitable housing, and the fact that the children had been in foster care for 17 months, there was no reasonable expectation that these issues would be rectified within a reasonable time, taking into consideration the children's ages. Based on these facts, we conclude that the trial court did not clearly err when it found that statutory grounds existed to terminate respondent's parental rights pursuant to MCL 712A.19b(3)(c)(*i*).[2]

## B. BEST INTERESTS OF THE MINOR CHILDREN

Respondent next argues that the trial court clearly erred in finding that termination of her parental rights was in the children's best interests. We disagree. This Court reviews for clear error the trial court's determination of best interests. *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012).

In making a best-interests determination, it is the interests of the children, not the parent, which are the focus. *In re Moss*, 301 Mich App at 87-88. In conducting its analysis,

> [t]he trial court should weigh all the evidence available to determine the children's best interests. To determine whether termination of parental rights is in a child's best interests, the court should consider a wide variety of factors that may include the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption. [*In re White*, 303 Mich App 701, 713-714; 846 NW2d 61 (2014) (quotation marks and citations omitted).]

Here, the trial court considered that the children had been in care for almost two years. It stated that the children needed permanency and stability considering how long they had been in foster care. The trial court also found that respondent had not made any real attempt to overcome her

---

[2] Because we have concluded that at least one statutory ground has been proven by clear and convincing evidence, we need not consider whether the other statutory ground relied on by the trial court, MCL 712A.19b(3)(g), also has been proven by clear and convincing evidence. See *In re Foster*, 285 Mich App 630, 633; 776 NW2d 415 (2009).

issues with substance abuse, mental health, and housing, despite being given an additional two months between the statutory-grounds hearing and the best-interest hearing to do so. Respondent even admitted under examination by the trial court that she had used marijuana and crack cocaine within the three weeks before the best-interest hearing. The trial court also considered respondent's bond with the children; it recognized that there was a bond, although it was not particularly strong. Based on a review of the entire record in this case, we cannot conclude that the trial court clearly erred in finding, by a preponderance of the evidence, that termination of respondent's parental rights was in the children's best interests.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Jonathan Tukel
/s/ James Robert Redford

-4-