*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* KMJ, Minor.

UNPUBLISHED
October 08, 2024
2:02 PM

No. 369705
Kalkaska Circuit Court
Family Division
LC No. 23-004685-NA

Before: CAMERON, P.J., and K. F. KELLY and GARRETT, JJ.

PER CURIAM.

Respondent-mother appeals by right the trial court's order terminating her parental rights to her minor child, KMJ. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Before KMJ was born, respondent had three other children removed from her custody by petitioner Department of Health and Human Services. Respondent tested positive for various illicit substances when KMJ was born, and admitted to taking fentanyl at least once during the pregnancy. Three additional drug screens in November and December 2022 were positive for amphetamine and methamphetamine. Between January and February 2023, respondent completed a program that engaged her in a variety of parenting services, including support regarding substance use.

After an altercation between respondent and her father, which required police involvement, petitioner filed a petition requesting that the trial court take jurisdiction over KMJ and enter an order removing the child from respondent's care. After the trial court found the evidence sufficient to take jurisdiction, a combined initial disposition, termination, and best-interests hearing was held. Respondent did not appear for the hearing. The trial court found the evidence satisfied statutory grounds for termination under MCL 712A.19b(3)(i) (parental rights to one or more siblings of the child have been terminated due to serious and chronic neglect or physical or sexual abuse, and the parent has failed to rectify the conditions that led to the prior termination of parental rights), and that termination was in KMJ's best interests. Accordingly, the trial court entered an order terminating respondent's parental rights to KMJ, and this appeal followed.

-1-

## II. STANDARDS OF REVIEW

"The trial court must order the parent's rights terminated if the Department has established a statutory ground for termination by clear and convincing evidence and it finds from a preponderance of the evidence on the whole record that termination is in the children's best interests." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). This Court reviews the trial court's determination regarding statutory grounds and best interests for clear error. *Id.* at 709, 713. "The trial court's factual findings are clearly erroneous if the evidence supports them, but we are definitely and firmly convinced that it made a mistake." *Id.* at 709-710.

## III. ANALYSIS

### A. STATUTORY GROUNDS

Respondent first argues that the trial court clearly erred when it terminated her rights to KMJ under MCL 712A.19b(3)(i). We disagree.

Under MCL 712A.19b(3)(i) states, the court may terminate a respondent's parental rights if it finds by clear and convincing evidence that:

> (i) Parental rights to 1 or more siblings of the child have been terminated due to serious and chronic neglect or physical or sexual abuse, and the parent has failed to rectify the conditions that led to the prior termination of parental rights.

Respondent contends that KMJ was not negatively affected by her substance use and that she had also shown improvements to her previous parenting issues. Specifically, respondent contends that, at the time of termination, she was an appropriate parent, made progress on employment, and no longer had a substance abuse disorder. According to respondent, she significantly changed her life since the prior terminations and was receptive to engaging in reunification services after adjudication. She argues that the court, therefore, should have given her more of an opportunity to complete a treatment plan before terminating her parental rights.

The evidence presented to the trial court in this case adequately supported the trial court's findings regarding termination under MCL 712A.19b(3)(i). Respondent's parental rights to her other two children were previously terminated as a result of her drug use, both during the pregnancies and after them. Similarly here, respondent used drugs during her pregnancy with KMJ, despite being advised against it. Respondent also admitted to using fentanyl during the pregnancy and, on the day KMJ was born, respondent tested positive for methamphetamine. Respondent's drug use was also the cause of her leaving KMJ without proper care while respondent traveled to her methadone treatment. After KMJ was removed, there was evidence that respondent did cease her drug use, but her caseworker testified that she was concerned that her use, and KMJ's exposure to it, could reemerge if KMJ was returned.

Respondent failed to comply with several of petitioner's requirements, which were revenant to her substance abuse. She never allowed her caseworker to inspect, or even enter, her home. In February 2023, respondent tested positive on an oral swab test for methamphetamine. Following that positive test, respondent refused to take any more oral swab tests. The only tests she completed were at the methadone clinic, which reported any positive for amphetamines *or*

methamphetamine as merely "amphetamines." Respondent had been testing negative in this combined category since April 2023, but her adamant refusal to perform the test that specifically would give a methamphetamine result was notable, especially in light of five positive methamphetamine screens between November 2022 and February 2023. Her refusal to provide petitioner with information on her methamphetamine usage resulted in continuing concerns about the state of her substance usage.

Under these circumstances, the trial court did not clearly err by finding that clear and convincing evidence established a statutory ground to terminate respondent's parental rights to KMJ under MCL 712A.19b(3)(i).

## B. BEST INTERESTS

Respondent also argues that the trial court clearly erred when it found that termination was in KMJ's best interests. We disagree.

"With respect to the trial court's best-interest determination, we place our focus on the child rather than the parent." *In re Schadler*, 315 Mich App 406, 411; 890 NW2d 676 (2016). "[O]nce a statutory ground is established, a parent's interest in the care and custody of his or her child yields to the state's interest in the protection of the child." *In re Foster*, 285 Mich App 630, 635; 776 NW2d 415 (2009). "In deciding whether termination is in the child's best interests, the court may consider the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (citations omitted). "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App at 714.

A preponderance of the evidence in the record supported the trial court's decision that termination served KMJ's best interests. While respondent endeavored to make improvements in her parenting, concerns regarding substance abuse persisted. Respondent failed to fully acknowledge her responsibilities and role in her positive drug screens, and still had not addressed her inadequate housing. Concerning housing, respondent proposed either moving to Atlanta or back in with her father. The trial court found that moving to Atlanta would presumably create a new set of struggles and costs, including loss of income. And respondent testified that her father was frequently intoxicated, which in one instance led to the involvement of law enforcement and was one of the incidents that resulted in the trial court's taking custody of KMJ. Respondent's psychological assessment indicated that she had serious issues to work through, such as "dysfunctional relationships," and that this process would be lengthy. Respondent resisted parenting coaching until the adjudication trial, which resulted in no coaching having been started as of the time of the disposition hearing. Respondent's caseworker testified that her income was not sufficient to provide for KMJ's needs. Respondent's only plan for caring for KMJ while respondent worked was "day-care," which would further reduce her income. In contrast, there were no areas of concern identified by petitioner with respect to KMJ's foster family. The caseworker's testimony described a healthy and strong bond between KMJ and the foster family. The caseworker testified that the family had been providing for KMJ's needs and that they were interested in adopting KMJ.

Given KMJ's need for permanence and stability, the significant issues that led to respondent's prior terminations, and the insufficient changes to her life and parenting since the earlier terminations, the trial court did not clearly err by finding that termination served KMJ's best interests.

Affirmed.

/s/ Thomas C. Cameron
/s/ Kirsten Frank Kelly
/s/ Kristina Robinson Garrett