# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* CRAWFORD/MITCHELL/STAFFORD, Minors.

UNPUBLISHED
July 12, 2016

No. 330313
St. Clair Circuit Court
Family Division
LC No. 14-000141-NA

Before: RIORDAN, P.J., and SAAD and M. J. KELLY, JJ.

PER CURIAM.

Respondent mother appeals the order that terminated her parental rights to the minor children pursuant to MCL 712.19b(3)(c)(*i*) (conditions of adjudication continue to exist), (c)(*ii*) (other conditions supporting jurisdiction have not been rectified), (g) (failure to provide proper care or custody), and (j) (reasonable likelihood of harm if child is returned to parent). For the reasons provided below, we affirm.

In June 2014, the court authorized an amended petition seeking court jurisdiction over the minor children and termination of respondent's parental rights. According to the petition, respondent had two older children removed from her care in 2000 and 2001 and her parental rights to those children were terminated. The petition further alleged that respondent had a long history of Children's Protective Services complaints involving physical abuse, substance abuse, improper supervision, physical neglect, and domestic violence; numerous services had been offered, but respondent continued to display harmful and destructive behaviors. Respondent admitted to the allegations and the court assumed jurisdiction over the minor children. At disposition, the court ordered respondent to comply with a treatment plan that required her to engage in various services. At the first review hearing, the court ordered respondent to obtain stable housing and income.

In May 2015, the court authorized a petition to terminate respondent's parental rights based on respondent's lack of progress on her treatment plan. Following a hearing, the trial court entered an order terminating respondent's parental rights.

In order to terminate parental rights, the trial court must find that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been proven by clear and convincing evidence. *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011). Only one statutory ground need be established to support termination of respondent's parental rights. *In re Foster*, 285 Mich App 630, 633; 776 NW2d 415 (2009). Termination was based on MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), and (j), which provide as follows:

(c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

> (*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

> (*ii*) Other conditions exist that cause the child to come within the court's jurisdiction, the parent has received recommendations to rectify those conditions, the conditions have not been rectified by the parent after the parent has received notice and a hearing and has been given a reasonable opportunity to rectify the conditions, and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

* * *

(g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

* * *

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

Respondent argues that the trial court erred in finding that any statutory grounds were established. "This Court reviews for clear error the trial court's factual findings and ultimate determinations on the statutory grounds for termination." *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014). A finding of fact is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake was made. *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010).

The conditions that led to the court taking jurisdiction over the minor children was respondent's long history of continuing physical abuse and neglect, substance abuse, improper supervision, and domestic violence, despite many services. Respondent continued to neglect her children by failing to obtain stable housing for them. Respondent never established her own home while this case was pending, and her housing situation was inconsistent: she lived at a sister's house, with a friend, in hotels, and in a shelter. Respondent also failed to address her tendency to engage in abusive conduct toward her children. Issues in this area were noted during parenting time, as respondent would threaten her children and workers had to interrupt the visits many times to remind respondent "not to put her hands on the children." Respondent failed to complete an anger management program, which would have directly addressed this issue. Respondent also made limited progress in therapy and failed to engage in sessions.

Respondent also failed to resolve her substance abuse issue. Respondent was ordered to have random drug/alcohol tests, but she was noncompliant. She acknowledged that she missed screens because she was engaging in substance use. Although respondent entered a drug rehabilitation program in June 2015, she relapsed into cocaine use after that, which resulted in a probation violation and jail term.

Respondent failed to address the issue of domestic violence because she was referred to a domestic violence program but failed to attend. And while this case was pending, respondent also began to have issues with criminality; she had a warrant for her arrest in June 2015 because she pleaded guilty to uttering and publishing a fraudulent check.

Because respondent had a long history of abusing and neglecting her children and because she failed to avail herself of services designed to help her, the trial court did not clearly err in finding grounds to terminate respondent's parental rights under MCL 712A.19b(3)(c)(*i*), and we need not expressly consider whether the additional grounds that the trial court cited were met as well. See *In re HRC*, 286 Mich App 444, 461; 781 NW2d 105 (2009).

Respondent also argues that the trial court erred in finding that termination of her parental rights was in the best interests of the children. We review the trial court's best interest determination according to the same clear error standard used in reviewing the trial court's decision regarding the statutory grounds for termination. *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012).

In deciding a child's best interests, a court may consider the child's bond to his parent; the parent's parenting ability; the child's need for permanency, stability, and finality; and the suitability of alternative homes. *In re White*, 303 Mich App at 713; *In re Olive/Metts*, 297 Mich App at 41-42. The trial court should weigh all the evidence available to determine the child's best interests. *In re White*, 303 Mich App at 713. Whether termination of parental rights is in the best interests of the child must be proven by a preponderance of the evidence. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013).

Here, respondent presented numerous witnesses to attest to her parenting skills and to attest that she engaged in some services. However, as the trial court noted, there was no evidence to establish that respondent was closely bonded with her children. As already noted, respondent failed to address her substance abuse problems, lacked housing, placed her children at serious risk of harm, and exhibited troubling behaviors during parenting time. She lacked progress in therapy and otherwise failed to comply with a treatment plan designed to ensure she could safely parent her children. In sum, a preponderance of the evidence established that termination of respondent's parental rights was in the children's best interests, and the trial court did not clearly err in its best-interest determination.

Affirmed.

/s/ Michael J. Riordan
/s/ Henry William Saad
/s/ Michael J. Kelly

-3-