# STATE OF MICHIGAN

# COURT OF APPEALS

In re DOTSON/GRIFFIN, Minors.

UNPUBLISHED
June 29, 2017

No. 334766
St. Clair Circuit Court
Family Division
LC No. 15-000333-NA

In re D. L. DOTSON, Minor.

No. 335630
St. Clair Circuit Court
Family Division
LC No. 15-000333-NA

Before: SAWYER, P.J., and SERVITTO and RIORDAN, JJ.

PER CURIAM.

In these consolidated appeals, respondents appeal as of right orders terminating their parental rights to the minor children. In Docket No. 334766, respondent-mother's parental rights to her three children were terminated pursuant to MCL 712A.19b(3)(a)(*ii*), (c)(*i*), (c)(*ii*), (g), and (j). In Docket No. 335630, respondent-father's parental rights to his child were terminated pursuant to MCL 712A.19b(3)(g) and (j). We affirm.

## I. FACTUAL BACKGROUND

In September 2015, the court authorized the initial petition in this matter, which sought jurisdiction over the minor children. According to the petition, the oldest child was first removed from respondent-mother's care in 2007 due to physical neglect. In 2015, respondent-mother had untreated mental health issues, engaged in assaultive behavior, was reported to be physically abusive of the children, and was noncompliant with services provided by the state. Respondent-father had not regularly paid child support for the child, had a prison record, and had felony drug charges.

The court assumed jurisdiction over the children and ordered both respondents to comply with a treatment plan requiring visitation as coordinated by the foster care worker, weekly contact with the services worker, obtaining and maintaining legal income, obtaining and maintaining appropriate housing, undergoing random drug/alcohol screens, and participation in an intensive home-based program to address various issues. Respondent-mother was

-1-

additionally required to participate in a psychological or psychiatric evaluation, follow recommendations, and engage in counseling. The court conducted review hearings in 2015 and 2016. In July 2016, the court authorized a supplemental petition seeking termination of respondents' parental rights based on respondents' noncompliance with various aspects of their treatment plans. Following a hearing, the court terminated respondents' parental rights. These appeals followed.

## II. STANDARD OF REVIEW

In order to terminate parental rights, the trial court must find that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met by clear and convincing evidence. *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011). The trial court's decision is reviewed for clear error. *In re Trejo*, 462 Mich 341, 356-357; 612 NW2d 407 (2000). A finding is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake was made. *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010).

Once the petitioner has established a statutory ground for termination by clear and convincing evidence, the trial court shall order termination of parental rights if the court also finds that termination of parental rights is in the best interests of the child. MCL 712A.19b(5). Whether termination of parental rights is in the best interests of the child must be proven by a preponderance of the evidence. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). The trial court's decision regarding the child's best interests is reviewed for clear error. *In re Trejo*, 462 Mich at 356-357.

## III. ANALYSIS

MCL 712A.19b(3)(a)(*ii*), (c)(*i*), (c)(*ii*), (g), and (j) permits termination of parental rights under the following circumstances:

> (a) The child has been deserted under any of the following circumstances:
>
> * * *
>
> (*ii*) The child's parent has deserted the child for 91 or more days and has not sought custody of the child during that period.
>
> * * *
>
> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:
>
> (*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

(*ii*) Other conditions exist that cause the child to come within the court's jurisdiction, the parent has received recommendations to rectify those conditions, the conditions have not been rectified by the parent after the parent has received notice and a hearing and has been given a reasonable opportunity to rectify the conditions, and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

\* \* \*

(g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

\* \* \*

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

In Docket No. 334766, respondent-mother argues that the trial court erred in finding the statutory grounds established by clear and convincing evidence. We disagree.

The evidence established that respondent-mother failed to visit the children and maintain contact with her worker for almost four months. Respondent-mother also failed to follow her treatment plan during this time. She had no contact with her therapist, services were closed for noncompliance, and respondent-mother continued to struggle with mental health issues. These circumstances justified termination under MCL 712A.19b(3)(a)(*ii*).

Regarding MCL 712A.19b(3)(c)(*i*), the conditions that led to the adjudication were respondent mother's physical abuse of the oldest child, untreated mental health issues, aggressive behavior, and noncompliance with services. The evidence established that respondent was negative and aggressive with her children during visits, and she said things that made them cry. Respondent neither completed her psychological evaluation nor consistently participated in counseling, and she failed to follow through with in-home services. According to the worker, respondent had not completed anything in her treatment plan, and had not made any progress since the children became court wards.

Furthermore, respondent-mother failed to provide proper care and custody for her children when she failed to maintain a suitable home for them; she became homeless for a time while this case was pending. She also failed to follow through with a treatment plan to ensure the children would be safe in her care. Respondent's lack of progress in the time this matter was pending justified termination under MCL 712A.19b(3)(g). Respondent's failure to resolve her issues and participate in a treatment plan designed to ensure her children could be safely returned to her care also justified termination under MCL 712A.19b(3)(j).

For the foregoing reasons, the trial court did not clearly err finding that MCL 712A.19b(3)(a)(*ii*), (c)(*i*), (g), and (j) had been established by clear and convincing evidence.[1]

The trial court also did not clearly err in concluding that termination of respondent-mother's parental rights was in the children's best interests. In deciding a child's best interests, a court may consider the child's bond to his parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the suitability of alternative homes. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014); *In re Olive/Metts*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012). The trial court should weigh all the evidence available to determine the child's best interests. *In re White*, 303 Mich App at 713.

In this case, the oldest child was happy in her foster care placement, where she had been since September 2015. The other children were placed with their father and doing well there, despite the fact that respondent-mother went missing for months from their lives. As noted, respondent-mother was negative and aggressive with her children during visits, and she had not addressed her mental health needs by regular participation in counseling. Respondent-mother also failed to follow through with other services meant to ensure a safe and stable environment for her children. The foster care worker felt that termination of respondent-mother's parental rights was in the children's best interests, citing her lack of progress and lack of a strong bond. A preponderance of evidence established that termination of respondent-mother's parental rights was in the children's best interests and the trial court did not clearly err in its determination.

In Docket No. 335630, respondent-father contends the trial court clearly erred in finding the statutory grounds to terminate his parental rights established by clear and convincing evidence. We disagree.

Respondent-father first argues the court erred because it terminated his parental rights simply due to his incarceration. Respondent relies on *In re Mason*, 486 Mich at 160, which holds that the mere present inability to personally care for one's children as a result of incarceration does not constitute grounds for termination. However, the trial court did not base termination solely on respondent-father's current incarceration. The court also cited respondent-father's pattern of incarceration and noted that it resulted in his having had little involvement with his child during her lifetime. There was also evidence respondent-father failed to ever financially support his child, lacked concrete plans to care for her, and did not attempt to maintain contact with her prior to or during the pendency of this case . Respondent-father also had not completed any relevant services while this case was pending. The court considered all of this evidence, not just respondent-father's current incarceration, in terminating his parental rights. Accordingly, respondent-father's claim in this regard is without merit.

---

[1] We conclude termination was not warranted under MCL 712A.19b(3)(c)(*ii*), as it is not apparent what "other conditions" respondent failed to rectify. However, this was harmless error because only one statutory ground need be established to support termination of parental rights. *In re Foster,* 285 Mich App 630, 633; 776 NW2d 415 (2009).

Respondent-father also argues termination was improper because his mother was willing to care for his child. Under *In re Mason*, 486 Mich at 161, a parent can provide proper care and custody of their child by placement with a relative. Although respondent-father's mother had expressed interest in caring for the child, there is no indication in the record respondent-father took any action to pursue this placement. Ultimately, the child entered foster care instead in September 2015, where she remained while this case was pending.

Respondent-father also contends that petitioner failed to assist him with services while in prison. Reasonable reunification efforts must be made to reunite the parent and child before terminating parental rights. *In re Mason*, 486 Mich at 152. The foster care worker testified that she attempted to contact respondent-father in December 2015 to engage him in reunification services. In March 2016 the worker discovered respondent-father was in prison and sent him multiple letters, as well as court orders, concerning services and suggestions, and she requested he contact her about his intention to participate in services. She suggested that he participate in any appropriate services at the prison and provided her contact information to respondent-father, along with postage paid envelopes for him to use with each correspondence. She did not, however, hear back from respondent-father until after the termination petition was filed. The only program respondent-father participated in was a GED program, because that was all he was eligible to take until he was closer to his anticipated release.

The evidence shows the worker attempted to maintain contact with respondent-father and ensure he participated in services. Respondent-father's inability to complete relevant services apparently was due to limitations imposed by the prison, not anything the worker failed to do. Therefore, respondent-father has not established his claim of a lack of reunification efforts.

Respondent-father has not shown any clear error in the trial court's decision to terminate his parental rights pursuant to MCL 712A.19b(3)(g). Respondent-father's lack of consistent involvement with his child, lack of past financial support, lack of any concrete plans for caring for his child, and failure to complete any aspect of his treatment plan justified termination under that provision.

Regarding MCL 712A.19b(3)(j), the foster care worker felt it would be inappropriate for the child to be raised by respondent-father because it would be in an unstable environment, due to his pattern of substance abuse and criminal activity. Respondent-father had eight felony convictions, most of them drug-related, and had previously been incarcerated around 2007 and in 2012. He had never financially supported his child and did not offer any concrete plans for when he was released from prison. Given this evidence, the trial court did not clearly err in terminating respondent's parental rights under MCL 712A.19b(3)(j).

Affirmed.

/s/ David H. Sawyer
/s/ Deborah A. Servitto
/s/ Michael J. Riordan