# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* C. C. BROWN, Minor.

UNPUBLISHED
September 27, 2018

Nos. 341832; 341833
Wayne Circuit Court
Family Division
LC No. 09-487064-NA

Before: TUKEL, P.J., and BECKERING and SHAPIRO, JJ.

PER CURIAM.

In these consolidated cases, respondents appeal as of right the trial court's order terminating their parental rights to their minor child under MCL 712A.19b(3)(g), (i), and (j).[1] For the reasons provided below, we affirm.

On July 29, 2017, respondent-mother overdosed on cocaine and Vicodin while she was the sole caretaker of the child, who was 2½ years old at the time. Respondent-father found her unconscious and naked in the upstairs bathroom when he returned home. The child was wandering around the home, there was an unknown powdery substance over the upstairs hallway floor and bathroom, and cleaning fluid within the child's reach. It was feared that the child may have ingested poisonous substances, and he was taken to the hospital. It was learned that respondent-father had also been using marijuana and cocaine on a regular basis.

Both respondents had prior terminations based on abuse of illegal substances and failure to benefit from services. Respondent-mother had seven prior terminations of her parental rights, and respondent-father had two prior terminations of his parental rights to children he shared with respondent-mother. Both respondents had prior criminal records and a long history of drug addiction. The residence was an unfurnished condo owned by a friend who was charging them no rent. Respondents had no income or employment. Respondent-mother had been prescribed medication for bipolar disorder, anxiety, and depression, but she had discontinued taking it. She testified that she knew if she stopped taking her medication she would start to self-medicate with illegal drugs. Respondents argued that they had not been ready to deal with their drug addictions

---

[1] Docket No. 341832 pertains to respondent-mother's appeal, and Docket No. 341833 pertains to respondent-father's appeal.

during the prior termination cases but that they were ready to do so now. The trial court found that statutory grounds under MCL 712A.19b(3)(g), (i), and (j) had been proven by clear and convincing evidence to support the termination of respondents' parental rights and that it was in the best interests of the child to do so.

On appeal, both respondents argue that the trial court clearly erred in finding clear and convincing evidence to support the statutory grounds for termination. We disagree.

"In order to terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met." *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). This Court reviews "the trial court's findings of fact under the clearly erroneous standard." *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009); see also MCR 3.977(K). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004).

Respondents' parental rights were terminated under MCL 712A.19b(3)(g), (i), and (j), which at the time of the termination order provided:

(3) The court may terminate a parent's right to a child if the court finds, by clear and convincing evidence, 1 or more of the following:

(g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.[2]

* * *

(i) Parental rights to 1 or more siblings of the child have been terminated due to serious and chronic neglect or physical or sexual abuse, and prior attempts to rehabilitate the parents have been unsuccessful.[3]

---

[2] MCL 712A.19b(3)(g) has been amended, effective June 12, 2018. See 2018 PA 58. The new version of the statute reads: "The parent, although, in the court's discretion, financially able to do so, fails to provide proper care and custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the children's age." MCL 712A.19b(3)(g), as amended by 2018 PA 58.

[3] MCL 712A.19b(3)(i) has been amended, effective June 12, 2018. See 2018 PA 58. The new version of the statute reads: "(i) Parental rights to 1 or more siblings of the child have been terminated due to serious and chronic neglect or physical or sexual abuse, and the parent has failed to rectify the conditions that led to the prior termination of parental rights." MCL 712A.19b(3)(i), as amended by 2018 PA 58.

* * *

> (j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

There was clear and convincing evidence to support termination of respondents' parental rights under MCL 712A.19b(3)(i). Not only had both respondents lost their parental rights to prior children due to serious neglect, but there was ample evidence that "prior attempts to rehabilitate" had not been successful. Indeed, even considering the standard as provided in the current version of MCL 712A.19b(3)(i), it is evident that respondents have failed to rectify the conditions that led to the prior terminations, i.e., their substance abuse. In the previous termination cases, respondents had been provided with services, and both had dropped out or failed to participate. Both respondents testified that, during their previous termination cases, they "were not ready" to give up drugs and put their children first. At the time of respondent-mother's overdose that led to the removal of this child, both respondents still were abusing illegal substances. Therefore, there is no basis for finding that the trial court erred, let alone clearly erred, in finding clear and convincing evidence to support termination of respondents' parental rights under MCL 712A.19b(3)(i).

Because we have determined that the trial court properly found that one statutory ground supported the termination of respondents' parental rights, we need not address whether there was evidence to support termination on the other grounds with which the trial court relied. See *In re Foster*, 285 Mich App 630, 633; 776 NW2d 415 (2009).

Respondents next argue that the trial court clearly erred in finding that termination of their parental rights was in the best interests of the child. We disagree. Once the petitioner has established a statutory ground for termination by clear and convincing evidence, the trial court must find that termination is in the child's best interests before it can order termination of parental rights. MCL 712A.19b(5). Whether termination of parental rights is in the best interests of the child must be proven by a preponderance of the evidence. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). This Court reviews a trial court's decision regarding a child's best interests for clear error. *In re Laster*, 303 Mich App 485, 496; 845 NW2d 540 (2013).

> To determine whether termination of parental rights is in the child's best interests, the court should consider a wide variety of factors that may include the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the child[]'s well-being while in care, and the possibility of adoption. [*In re White*, 303 Mich App 701, 713-714; 846 NW2d 61 (2014) (quotation marks and citations omitted).]

Here, the record revealed that respondents had a long history of drug abuse. Numerous services had been provided to them in the past, in order to help reunite them with their children,

but they were unable to maintain sobriety. Both had previously lost their parental rights to their other children. Despite the prior terminations and their professed love for this child, neither respondent could stop abusing drugs. Respondent-mother overdosed while caring for the child and was found naked and unconscious in the bathroom while the child wandered around the residence unsupervised, and it was feared that he had ingested poisonous substances. Upon investigation, it was learned that respondent-father had also been continuously taking cocaine and other illegal drugs. Respondents had no income, were living in a "loaned" home, and had no stability. Neither respondent could provide a safe and secure home for the child. They had demonstrated that they could not remain drug free. Clearly, these parents could not properly care for a young child. The child needed stability and permanence, which the maternal grandmother was able and willing to provide. Accordingly, the trial court did not clearly err in finding by a preponderance of the evidence that termination of respondents' parental rights would be in the child's best interests.

Affirmed.

/s/ Jonathan Tukel
/s/ Jane M. Beckering
/s/ Douglas B. Shapiro

-4-