*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* J. O. MONDRAGON, Minor.

UNPUBLISHED
March 23, 2023

No. 361396
Oakland Circuit Court
Family Division
LC No. 2021-882703-NA

Before: PATEL, P.J., and SWARTZLE and HOOD, JJ.

PER CURIAM.

Petitioner removed respondent's biological child from her care when the child was taken to a hospital with several injuries indicating that he had suffered from "shaken baby syndrome." The trial court terminated respondent's parental rights to the child. We affirm.

When the child was approximately one-month-old, his pediatrician examined him and stated that he was healthy without any concerns. Approximately two weeks later, respondent stated the child was staying awake for 48 hours straight, refusing to eat, barely moving, and not urinating or defecating properly. Respondent also stated that the child stopped urinating altogether six days later, and respondent took the child to a doctor two days after that.

The child was admitted to a hospital, and he was diagnosed with a left parietal bone fracture, a bilateral subdural hematoma, bleeding in the brain, healing fractures of the ulna and radius of the forearm, rib fractures on the posterior of his ribs, broken femurs, compression fractures in his neck, and ligament injuries in his neck. It was reported that the child was close to death when he was admitted to the hospital. Two years later, the child was nonverbal, could not walk or stand, and had trouble moving his limbs because of the injuries he sustained when he was two-months-old.

Respondent and the child's biological father were the only caretakers of the child after the child was born. The child's biological father was criminally charged with first-degree child abuse after he admitted to dropping the child into a "bouncer" and watching the child fall head first onto a hardwood floor. Respondent stated, to several authorities, that she saw the child's biological father drop the child into his crib and squeeze his chest often.

-1-

The trial court terminated respondent's parental rights to the child under MCL 712A.19b(3)(b)(*i*), (b)(*ii*), (g), and (j). Respondent argues on appeal that there was not sufficient evidence to support any of these statutory bases.

A trial court must find that at least one statutory ground for termination has been established by clear and convincing evidence to terminate a respondent's parental rights. *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013). The trial court's findings regarding the statutory grounds are reviewed for clear error. *Id*. "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Id.* (cleaned up).

MCL 712A.19b(3)(b)(*ii*) and (j) states:

(3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:

* * *

(b) The child or a sibling of the child has suffered physical injury or physical or sexual abuse under 1 or more of the following circumstances:

* * *

(*ii*) The parent who had the opportunity to prevent the physical injury or physical or sexual abuse failed to do so and the court finds that there is a reasonable likelihood that the child will suffer injury or abuse in the foreseeable future if placed in the parent's home.

* * *

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

In this case, the infant child was so injured that it was reported that he was close to death when he was admitted to the hospital. Even though she now contends that her statements were coerced, respondent stated to several authorities that she saw the child's biological father drop the child into his crib and squeeze the child's chest tightly. Further, respondent admitted that she waited more than a week before taking the child to a doctor after the child first presented with physical complications. Therefore, this Court does not have a definite and firm conviction that the trial court made a mistake when it held there was clear and convincing evidence respondent had the opportunity to prevent the physical abuse of her child and failed to do so because she did not intervene when the child's biological father was dropping the child into a "bouncer" or the child's crib. Additionally, the trial court did not err when it found that there is a reasonable likelihood that the child will suffer injury in the foreseeable future if placed in respondent's home because respondent failed to provide proper medical care for the child in a timely manner. Thus, MCL 712A.19b(3)(b)(*ii*) and (j) were appropriate bases to terminate respondent's parental rights.

-2-

Having concluded that at least one statutory ground supports the termination of respondent's parental rights to the child, we need not address whether clear and convincing evidence support the trial court's finding of statutory grounds under MCL 712A.19b(3)(b)(*i*) and (g). *In re Foster*, 285 Mich App 630, 633; 776 NW2d 415 (2009).

Affirmed.

/s/ Sima G. Patel
/s/ Brock A. Swartzle
/s/ Noah P. Hood