*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* A. A. BROWN, Minor.

UNPUBLISHED
November 21, 2023

No. 365880
Wayne Circuit Court
Juvenile Division
LC No. 2021-000678-NA

Before: MURRAY, P.J., and CAMERON and PATEL, JJ.

PER CURIAM.

Respondent-mother appeals as of right the trial court's order terminating her parental rights to the minor child, AB, under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), and (j).[1] For the reasons set forth below, we affirm.

## I. BACKGROUND

In July 2021, the Department of Health and Human Services (DHHS) filed a petition requesting that the court exercise jurisdiction over AB. The petition alleged it was contrary to AB's welfare to remain with respondent because respondent had untreated mental health issues, substance abuse issues, and frequently abandoned AB. The trial court authorized the petition, removed AB from respondent's care and custody, and exercised jurisdiction over AB based on the allegations in the petition.

Respondent was ordered to comply with her case service plan, which required her to submit to psychological assessments and to comply with and benefit from: (1) parenting classes, (2) mental health therapy, and (3) services to address substance abuse, including submitting to random drug screens. Respondent was also ordered to obtain and maintain suitable housing and a legal source of income, attend parenting time, and maintain contact with the caseworker. Because respondent was non-compliant with the majority of the case service plan, DHHS filed a

---

[1] AB's father's parental rights were terminated in the same order, but the father is not a party to this appeal.

supplemental petition for termination in November 2022. Respondent missed all 27 drug screens that she was ordered to complete.[2] Respondent's visits with AB were sporadic, at best. She only attended nine of the 47 scheduled visits with AB.[3] Respondent was referred to mental health therapy with a substance abuse component six times, but did not participate in her first therapy class until late December 2022, which was after the supplemental petition was filed. Respondent was also referred for parenting classes six times, but did not enroll in her first parenting class until January 2023 and only participated in four of the ten required classes. In addition, respondent was referred for a psychiatric evaluation five times, but repeatedly failed to schedule an evaluation.[4] Further, respondent failed to maintain contact with the caseworker on a consistent basis before the petition for termination was filed.

Following a hearing in February 2023, the trial court found that statutory grounds to terminate respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), and (j) were established by clear and convincing evidence, and found that termination of respondent's parental rights to AB was in the child's best interests. Respondent now appeals.

## II. ANALYSIS

### A. STATUTORY GROUNDS

Respondent argues that the trial court clearly erred by finding statutory grounds to terminate her parental rights to AB. After reviewing the record, we find no merit to respondent's arguments.

We review a trial court's factual findings regarding statutory grounds for termination of parental rights and the decision to terminate parental rights for clear error. MCR 3.977(K); *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Sanborn*, 337 Mich App 252, 276; 976 NW2d 44 (2021) (cleaned up). "To be clearly erroneous, a decision must be more than maybe or probably wrong." *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011). "When applying the clear-error standard in parental termination cases, 'regard is to be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it.' " *In re Mota*, 334 Mich App 300, 320; 964 NW2d 881 (2020), quoting *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989); see also MCR 2.613(C).

"To terminate parental rights, the trial court must find that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been proved by clear and convincing evidence."

---

[2] Respondent allegedly took her first drug screen on the day of the termination hearing, but she did not provide results.

[3] Four of the nine visits respondent attended occurred after the supplemental petition was filed.

[4] Although respondent finally scheduled a psychiatric evaluation, which was set for one week before the termination hearing, it could not be confirmed whether she actually attended the evaluation.

*In re Pederson*, 331 Mich App 445, 472; 951 NW2d 704 (2020). In this case, the trial court found grounds for terminating respondents' parental rights were established under MCL 712A.19b(3)(c)(*i*) (c)(*ii*), (g), and (j).

A trial court may terminate a respondent's parental rights under MCL 712A.19b(3)(c)(*i*) if "182 or more days have elapsed since the issuance of an initial dispositional order" and "[t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." Termination of parental rights is proper under MCL 712A.19b(3)(c)(*i*) when "the totality of the evidence amply supports that [the respondent has] not accomplished any meaningful change in the conditions" that led to the adjudication, *In re Williams*, 286 Mich App 253, 272; 779 NW2d 286 (2009), "despite time to make changes and the opportunity to take advantage of a variety of services[,]" *White*, 303 Mich App at 710 (cleaned up).

It is undisputed that, at the time of termination, more than 182 days had elapsed since the initial disposition order was entered. But respondent argues that she was compliant with her treatment plan, maintained with DHHS, and the conditions that led to adjudication had been rectified. We disagree. The record establishes respondent had not accomplished any meaningful change in the conditions that led to adjudication, i.e., respondent's untreated mental health issues and substance abuse. For the majority of this case, respondent refused to make efforts to address her substance abuse and mental health issues; she only began participating in services after the supplemental petition was filed. Further, respondent failed to take even one of the 27 scheduled drug screens prior to the termination hearing. Respondent claimed she took a screen on the day of the termination hearing, but she did not provide the results. The trial court found that, even if respondent completed a drug screen on the day of the termination hearing, that was insufficient to show she was addressing her substance abuse issue.

Respondent had ample time to make changes and take advantage of a variety of services that were available, but failed to do so. Respondent's eleventh-hour effort was insufficient to show that she had complied with and benefited from her case service plan. See *In re Atchley*, 341 Mich App 332, 339; 990 NW2d 685 (2022) ("[A] respondent-parent must both participate in services and demonstrate that they sufficiently benefited from the services provided.") (cleaned up). The totality of the evidence supports that respondent did not accomplish any meaningful change in the conditions that existed at the time of the adjudication, and there is no reasonable likelihood that the conditions would be rectified within a reasonable time considering AB's age. See *In re White*, 303 Mich App at 712 (holding that the respondent would likely not be able to rectify the reasons that led to the adjudication because she failed to do so during the two-year period she was given). AB needed permanency, and could not wait an indefinite amount of time for respondent to improve. See, e.g., *In re Dahms*, 187 Mich App 644, 647-648; 468 NW2d 315 (1991) (holding it is proper to focus on how long it will take a respondent to improve and on how long the involved children can wait because the Legislature did not intend for children to be left in foster care indefinitely). Accordingly, we are not left with a definite and firm conviction that a mistake has

been made in finding that termination was proper under MCL 712A.19b(3)(c)(*i*). See *In re Ellis*, 294 Mich App at 33.[5]

## B. BEST INTERESTS

Respondent also argues the trial court clearly erred by finding it was in AB's best interests to terminate respondent's parental rights. We disagree.

"If a trial court finds that a statutory basis for terminating parental rights exists by clear and convincing evidence, it is required to terminate parental rights if it finds from a preponderance of evidence on the whole record that termination is in the children's best interests." *In re Brown/Kindle/Muhammad Minors*, 305 Mich App 623, 637; 853 NW2d 459 (2014) (cleaned up); see also MCL 712A.19b(5). We review a trial court's decision that termination is in a child's best interests for clear error. *In re Atchley*, 341 Mich App at 346.

"The trial court should weigh all the evidence available to determine the children's best interests." *In re White*, 303 Mich App at 713. This Court focuses on the children—not the parent—when reviewing best interests. *In re A Atchley*, 341 Mich App at 346. When determining best interests,

> the court should consider a wide variety of factors that may include the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption. [*In re White*, 303 Mich App at 713-714 (cleaned up).]

A court may also consider whether it is likely that a child could be returned to a parent's home "within the foreseeable future, if at all." *In re Frey*, 297 Mich App 242, 249; 824 NW2d 569 (2012). In addition, the trial court may consider a parent's substance abuse problems. *In re AH*, 245 Mich App 77, 89; 627 NW2d 33 (2001). Further, because a child's placement with a relative militates against termination, see MCL 712A.19a(8)(a), "the fact that a child is living with relatives when the case proceeds to termination is a factor to be considered in determining whether termination is in the child's best interests." *Olive/Metts*, 297 Mich App at 43.

In this case, the trial court acknowledged AB's placement with her grandparents, but found the need to provide her with stability and permanency outweighed the fact that she was placed with relatives. Respondent demonstrated that she was not committed to reunifying with AB through her lack of compliance with her case service plan until after the supplemental petition was filed. Further, respondent demonstrated her disinterest in reunifying with AB by only visiting AB

---

[5] Because termination was proper under MCL 712A.19b(3)(c)(*i*), we need not specifically consider the additional grounds upon which the trial court based its decision. See *In re Foster*, 285 Mich App 630, 633; 776 NW2d 415 (2009). Nonetheless, to the extent we have considered it, we find termination was also appropriate under MCL 712A.19b(3)(c)(*ii*), (g), and (j).

on nine of the 47 occasions respondent could have visited her daughter. AB was bonded with her grandparents and never spoke of respondent. There was no evidence presented that respondent had a bond with AB, apart from respondent's own testimony. The caseworker opined that terminating respondent's parental rights would provide AB with permanence, stability, finality, and safety. In light of the foregoing, we conclude the trial court did not clearly err by finding it was in AB's best interests to terminate respondent's parental rights.

Affirmed.

/s/ Christopher M. Murray
/s/ Thomas C. Cameron
/s/ Sima G. Patel