*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* L. MEIRTHEW, Minor.

UNPUBLISHED
December 28, 2023

No. 366298
Calhoun Circuit Court
Family Division
LC No. 2023-000126-NA

Before: BORRELLO, P.J., and SWARTZLE and PATEL, JJ.

PER CURIAM.

Petitioner removed the child from respondent's care after petitioner received reports that respondent was sexually assaulting the child's siblings and was involved in domestic violence incidents with the child's mother. The trial court terminated respondent's parental rights to the child. We affirm.

The child was living with her mother, her siblings, and respondent when petitioner received a report that respondent was sexually assaulting two of the child's siblings. (Respondent is the biological father of the child, but not the siblings of the child.) One of the child's siblings testified that respondent repeatedly sexually assaulted her by touching her "private parts," and a forensic interviewer testified that another one of the child's siblings disclosed that respondent had sexually assault him by repeatedly touching his "private area." It was reported that both siblings had considered respondent to be a parental figure during the time that he was living with them.

Additionally, the siblings reported that they witnessed the mother bleeding after a violent physical altercation with respondent, and one of the child's siblings reported that he witnessed respondent hit his mother with a hammer. Petitioner reported that there was also an incident in which respondent fired a gun toward the house that the children were in, while arguing with the mother.

In an attempt to reunify respondent with the child, petitioner offered a parenting treatment plan that included services intended to rectify respondent's barriers to reunification. Respondent did not sign that treatment plan, did not complete the recommended parenting classes, did not sign up for medical insurance, and did not begin counseling. Respondent also missed a scheduled psychological evaluation, and petitioner reported that respondent refused to cooperate with any of the services that he was offered.

The trial court terminated respondent's parental rights to the child under MCL 712A.19b(3)(b)(*i*) and MCL 712A.19b(3)(j) after finding, by clear and convincing evidence, that two of the child's siblings were sexually assaulted by respondent, respondent had physically assaulted the mother in front of the children, and respondent failed to engage with his parenting treatment plan. After citing *In re Mota*, 334 Mich App 300, 323; 964 NW2d 881 (2020), the trial court found that there was a reasonable likelihood that the child would be harmed if returned to respondent's care. Further, the trial court found that the termination of respondent's parental rights was in the child's best interest, even though the trial court acknowledged that respondent had a good relationship with the child, because respondent repeatedly failed to engage with petitioner's parenting-treatment plan, and he often attempted to blame the mother for the repeated acts of domestic violence.

Respondent now appeals.

Respondent first argues that the trial court erred when it found statutory grounds to terminate his parental rights to the child. "This Court reviews for clear error the trial court's factual findings and ultimate determinations on the statutory grounds for termination." *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014). "A finding is clearly erroneous if although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *In re Rood*, 483 Mich 73, 91; 763 NW2d 587 (2009) (cleaned up).

The trial court terminated respondent's parental rights to the child under MCL 712A.19b(3)(b)(*i*), which states:

The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence . . . [that] [t]he child or a sibling of the child has suffered physical injury or physical or sexual abuse . . . [and] [t]he parent's act caused the physical injury or physical or sexual abuse and the court finds that there is a reasonable likelihood that the child will suffer from injury or abuse in the foreseeable future if placed in the parent's home.

In this case, one of the child's siblings testified that respondent repeatedly sexually assaulted her, and a forensic interviewer testified that one of the child's siblings disclosed additional sexual abuse as well as incidents of domestic violence in which respondent hit the mother with a hammer and shot a gun at the house that the children were in.

Respondent argues that there was no evidence that he had sexually assaulted the child in this case, and the termination of his parental rights to this child was improper when no allegation involving this child was presented. Respondent ignores that this Court has held that the "doctrine of anticipatory neglect provides that how a parent treats one child is probative of how that parent may treat other children." *In re Mota*, 334 Mich App at 323 (cleaned up). Further, similar to the facts in *In re Mota*, even though the siblings that respondent sexually assaulted were not biologically related to him, the siblings considered respondent to be a parental figure when he sexually assaulted them and they were living in the same house with the child. Respondent has not provided any evidence to demonstrate that he was not a danger to the child, and he failed to engage in the parenting treatment plan that would have otherwise attempted to rectify his barrier

to reunification. Thus, the trial court did not err in finding that there was a reasonable likelihood that the child would suffer injury if placed in respondent's care.

Because one statutory ground for termination is established, "we need not consider whether the other grounds cited by the trial court also supported the termination decision." *In re Foster*, 285 Mich App 630, 633; 776 NW2d 415 (2009).

Lastly, respondent argues that the termination of his parental rights was not in the child's best interest. "Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). The trial court's ruling regarding best interests is reviewed for clear error. *In re Schadler*, 315 Mich App 406, 408; 890 NW2d 676 (2016).

The trial court acknowledged that respondent had a bond with the child, but the trial court also found that respondent had committed egregious acts of domestic violence and sexual abuse. Notwithstanding the close relationship that respondent has with the child, we are not left with a definite and firm conviction that the trial court erred in finding that it was not in the child's best interest to be left in respondent's care given that there remains a reasonable likelihood that the child would be injured. Furthermore, respondent's unwillingness to take consistent steps to engage with the parenting treatment plan, seek counseling, and benefit from the services that were provided by petitioner, demonstrates that termination was in the child's best interest. See *In re Olive/Metts Minors*, 297 Mich App at 41-42. Therefore, the record supports that the trial court did not clearly err when it found by a preponderance of evidence that termination of respondent's parental rights was in the child's best interest.

Affirmed.

/s/ Stephen L. Borrello
/s/ Brock A. Swartzle
/s/ Sima G. Patel