*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re KING/SIMMONS/SMITH, Minors.

UNPUBLISHED
April 25, 2024

No. 367718
Wayne Circuit Court
Family Division
LC No. 2022-000157-NA

Before: SWARTZLE, P.J., and SERVITTO and GARRETT, JJ.

PER CURIAM.

Respondent's parental rights to her five biological children were terminated after petitioner received a report that respondent was abusing her oldest child. We affirm.

A medical report indicated that the oldest child had scars on his body from cigarette burns, as well as several other scars on the back of his neck. The trial court authorized the petition for the termination of respondent's parental rights, removed the children from respondent's care, and held that petitioner did not need to provide reasonable efforts to respondent for her reunification with the children because the petition alleged serious physical harm.

The oldest child testified that respondent had burned him with a lit cigarette several times, poured hot food on his face, threatened to kill him by poisoning his birthday cake, and hit him with her hands or various other objects. Further, the oldest child stated that respondent would routinely consume drugs or alcohol in front of the children, threaten to abuse the other children, and would leave the children alone without the ability to contact another adult. Petitioner also reported that the youngest child was malnourished while in respondent's care, and he was born with cannabinoids in his system, which was consistent with respondent's marijuana use while she was pregnant with him.

Respondent reportedly participated in anger-management classes and mental-health therapy during the pendency of the case, but petitioner was unable to verify certain details of respondent's treatment. At the termination hearing, respondent reported that she stopped taking her medication because her psychiatrist reportedly told her that she did not need it anymore since she was perfectly managing her bipolar disorder. When asked whether she had abused her oldest child, respondent testified, "I never did anything to my children," and, instead, accused the oldest child of lying so that he could live with his biological father. Respondent's clinical report stated

-1-

that she disagreed with her several medical diagnoses, including her diagnosis of bipolar disorder, and was adamant that she could control her anger. Her insistence, however, was in contrast to the several reports that she would curse at the caseworkers, become irrational or erratic during visits with the children, and leave inappropriate voicemails and text messages with the children's caregivers. Respondent's verbal altercations were witnessed by the children, and in one instance it caused one of the children, during a parenting-time visit, to hug respondent while asking her to "act right," while in another instance the children began to cry and asked to leave.

It was reported that the oldest child communicated a preference not to engage with respondent during the parenting-time visits, and respondent would often treat the oldest child differently than the other children by showing favoritism to the other children. Respondent had a bond with three of the children, and they communicated a preference to be in respondent's care. Petitioner reported that during the parenting-time visits, respondent was often unable to handle the children's bad behavior, would use profanity in front of the children, and forgot items for the children including a diaper bag.

The trial court found statutory grounds to terminate respondent's parental rights under MCL 712A.19b(3)(b)(*i*) and (j), and it found that termination was in the children's best interests because respondent continued to deny that she caused any injury to the children while continuing to display inappropriate behavior. The trial court considered that two of the children were placed with their paternal aunt, two children were placed with their biological father, and the fifth child was placed with a foster family. After finding that the children were doing well in their respective placements (where they each could remain on a long-term basis), the trial court found that termination of respondent's parental rights was in the children's best interests, and it terminated her parental rights.

Respondent now appeals.

Respondent first argues that the trial court erred in terminating her parental rights because she was not offered reasonable efforts to help her rectify her barriers to reunification with the children. A trial court's decision regarding reasonable efforts is reviewed for clear error. *In re Sanborn*, 337 Mich App 252, 258; 976 NW2d 44 (2021). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Richardson*, 329 Mich App 232, 251; 961 NW2d 499 (2019) (citation omitted).

As this Court has explained, "[r]easonable efforts to reunify the child and family must be made in all cases except those involving aggravated circumstances under MCL 712A.19a(2)." *Sanborn*, 337 Mich App at 259 (citation omitted). Here, the trial court held that reasonable efforts to prevent removal were unnecessary in light of the allegations of severe abuse. See MCL 722.638(1)(a)(*i*) and (*iii*) (explaining that abusing a child or sibling by subjecting them to battering or other serious physical harm is considered an aggravating circumstance). This finding was not clearly erroneous given that the oldest child's medical report indicated that he had multiple marks on his body that were consistent with abuse. Thus, the trial court's finding, that there were aggravating circumstances that negated the need for reasonable efforts, was not clearly erroneous.

Respondent next argues that there was not clear and convincing evidence to establish a statutory ground for the termination of her parental rights. This Court reviews for clear error a trial court's determination that at least one statutory ground for termination was proven by clear and convincing evidence. *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012).

The trial court terminated respondent's parental rights to the children, in part, under MCL 712A.19b(3)(b)(*i*). Termination of parental rights is proper under this provision if "[t]he child or a sibling of the child has suffered physical injury *or* physical or sexual abuse" under circumstances where "[t]he parent's act caused the physical injury or physical or sexual abuse and the court finds that there is a reasonable likelihood that the child will suffer from injury or abuse in the foreseeable future if placed in the parent's home." MCL 712A.19b(3)(b)(*i*) (emphasis added).

In this case, the oldest child testified that respondent repeatedly abused him, and his medical report confirmed that the abuse often resulted in physical injury. Respondent refused to acknowledge that she had harmed any of the children, and she continued to assert that the oldest child had lied about the abuse so that he could live with his father. Further, the record demonstrated that respondent often engaged in verbally abusive altercations with the caseworkers, discontinued her medication, and otherwise did not demonstrate any improvement with her behavior during her parenting-time visits with the children. This evidence indicates that the children would likely be harmed if they were returned to her care because she had not demonstrated that her behavior would change. See *In re Kellogg*, 331 Mich App 249, 259; 952 NW2d 544 (2020); *In re Kaczkowski*, 325 Mich App 69, 78; 924 NW2d 1 (2018); and *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014).

Thus, we are not left with a definite and firm conviction that the trial court made a mistake when finding that the termination of respondent's parental rights to the children was demonstrated by clear and convincing evidence under MCL 712A.19b(3)(b)(*i*). Because one statutory ground for termination is established, "we need not consider whether the other grounds cited by the trial court also supported the termination decision." *In re Foster*, 285 Mich App 630, 633; 776 NW2d 415 (2009).

Lastly, respondent argues that the trial court erred by finding that termination of her parental rights was in the children's best interests. Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights. *In re Olive/Metts Minors*, 297 Mich App at 40. "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). The trial court's ruling regarding best interests is reviewed for clear error. *In re Schadler*, 315 Mich App 406, 408; 890 NW2d 676 (2016).

"The trial court should weigh all the evidence available to determine the children's best interests." *In re White*, 303 Mich App at 713. With respect to the children's best interests, this Court places its focus on the children rather than the parent. *In re Moss*, 301 Mich App at 87. "In deciding whether termination is in the child's best interests, the court may consider the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App at 41-42 (cleaned up).

In this case, the record indicated that respondent often displayed inappropriate parenting-skills by openly favoring certain children, engaging in verbal altercations in front of the children, and leaving the children alone with no adult supervision. Further, respondent physically abused the oldest child, and the youngest child was malnourished in respondent's care. This was in contrast to the children's well-being while in their placements. It was reported that each child was doing well in their respective placements, and the trial court considered the relative placements for four of the children. The trial court found that the children's placements offered permanency and stability for each of the children that respondent could not offer.

Given that the children were in stable environments, and respondent did not demonstrate any ability to parent the children appropriately, we are not left with a definite and firm conviction that the trial court made a mistake. Therefore, the record supports that the trial court did not clearly err when it found by a preponderance of evidence that termination of respondent's parental rights was in the children's best interests.

Affirmed.

/s/ Brock A. Swartzle
/s/ Deborah A. Servitto
/s/ Kristina Robinson Garrett