*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* MOORE, Minors.

UNPUBLISHED
April 21, 2025
10:31 AM

No. 373415
Kalamazoo Circuit Court
Family Division
LC No. 2021-000227-NA

Before: BORRELLO, P.J., and RIORDAN and PATEL, JJ.

PER CURIAM.

In this child-protective proceeding, respondent appeals as of right the trial court order terminating her parental rights to her minor children, QEM, ILGM, IRM, MMM, and HM.[1] The trial court concluded that termination was warranted under MCL 712A.19b(3)(c)(*i*) (failure to rectify conditions that led to adjudication), MCL 712A.19b(3)(c)(*ii*) (failure to rectify other conditions), and MCL 712A.19b(3)(j) (reasonable likelihood of harm to the children). On appeal, respondent contends that the trial court clearly erred when it found that grounds for termination existed. We affirm.

## I. BACKGROUND

In October 2021, petitioner, the Department of Health and Human Services (DHHS), petitioned the trial court to remove the children from the father's care, citing allegations of animal cruelty, domestic violence, and the father's mental-health issues, which required pharmacological intervention and consistent involvement with Community Mental Health Services. The trial court granted the petition, placed the children with respondent and set a goal of reunification, with the father's parenting time to be supervised by the DHHS.

---

[1] The order also terminated the parental rights of the children's father, but he is not a party to this appeal. Accordingly, we simply refer to respondent-mother as "respondent" and respondent-father as "the father."

In September 2022, the DHHS sought the children's removal from respondent's care, alleging violations of court orders and safety plans, including unsupervised contact between the father and the children, neglect, and failure to enroll the children in counseling. At the preliminary hearing, testimony revealed that respondent allowed the father to have contact with the children despite court orders, and there were concerns about respondent's unstable housing and the children's lack of supervision. The trial court authorized the petition, placed the children under the care of the DHHS, and left respondent's parenting time to the DHHS's discretion.

Throughout 2023 and into 2024, respondent faced ongoing challenges, including housing instability, substance use, and failure to comply with court-ordered services and treatment plans. Respondent made some efforts to engage in services, but her progress was inconsistent. Other issues persisted, including missed appointments, positive drug screens, and chaotic parenting times. In January 2024, the DHHS filed a supplemental petition to terminate the father's and respondent's parental rights under MCL 712A.19b(3)(c)(*i*), MCL 712A.19b(3)(c)(*ii*), and MCL 712A.19b(3)(j).[2] Following a four-day hearing, the trial court found clear and convincing evidence to terminate the parental rights of both respondent and the father, and found by a preponderance of the evidence that the termination of their parental rights was in the children's best interests. Respondent now appeals.

## II. ANALYSIS

Respondent argues on appeal that the trial court clearly erred by concluding that the DHHS established grounds for the termination of her parental rights by clear and convincing evidence. We disagree.

We review a trial court's factual findings regarding statutory grounds for termination of parental rights and the decision to terminate parental rights for clear error. MCR 3.977(K); *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Sanborn*, 337 Mich App 252, 276; 976 NW2d 44 (2021) (cleaned up). "To be clearly erroneous, a decision must be more than maybe or probably wrong." *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011). "We give deference to the trial court's special opportunity to judge the credibility of the witnesses." *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009).

"To terminate parental rights, the trial court must find that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been proved by clear and convincing evidence." *In re Pederson*, 331 Mich App 445, 472; 951 NW2d 704 (2020) (cleaned up). If at least one statutory ground for termination is established, "we need not consider whether the other grounds cited by the trial court also supported the termination decision." *In re Foster*, 285 Mich App 630, 633; 776 NW2d 415 (2009).

---

[2] The DHHS also listed MLC 712A.19b(3)(a)(*i*) (abandonment for 91 days) as grounds for termination, but it later surmised that this was a mistake and orally amended the allegations to reflect that abandonment was not at issue.

Parental rights may be terminated under MCL 712A.19b(3)(c)(*i*) if "182 or more days have elapsed since the issuance of an initial dispositional order" and "[t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." Termination of parental rights is proper under MCL 712A.19b(3)(c)(*i*) when "the totality of the evidence amply supports that [the respondent] ha[s] not accomplished any meaningful change in the conditions" that led to the adjudication, *In re Williams*, 286 Mich App 253, 272; 779 NW2d 286 (2009), "despite time to make changes and the opportunity to take advantage of a variety of services[,]" *In re White*, 303 Mich App at 710 (cleaned up). MCL 712A.19b(3)(c)(*ii*) provides grounds for termination when "182 or more days have elapsed since the issuance of an initial dispositional order," "[o]ther conditions exist that cause the child to come within the court's jurisdiction, the parent has received recommendations to rectify those conditions," and the trial court finds by clear and convincing evidence that the "conditions have not been rectified by the parent after the parent has received notice and a hearing and has been given a reasonable opportunity to rectify the conditions, and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." Determining whether a respondent is likely to rectify the conditions within a reasonable time requires consideration of both how long the parent will take to improve the conditions and how long the children can wait for the improvements. *In re Dahms*, 187 Mich App 644, 648; 468 NW2d 315 (1991).

It is undisputed that, at the time of termination, more than 182 days had elapsed since the initial disposition order was entered. The trial court took jurisdiction over the children as to respondent on the basis of lack of supervision of the children, lack of stable housing, and failing to follow the trial court's orders to restrict the father's contact with the children. The trial court concluded that housing instability remained an issue at the time of the termination hearing. During the proceedings, respondent was provided with housing resources. Respondent testified that she applied to "every housing place in Kalamazoo" and "every apartment in Kalamazoo," but could not afford the application fees to continue applying and being denied. Respondent also maintained that her continued lack of housing was the fault of her caseworkers. We defer to the trial court's special opportunity to judge the credibility of the witnesses who appeared before it. *In re Sanborn*, 337 Mich App at 276. The totality of the evidence amply supports that respondent did not accomplish any meaningful change in her lack of adequate housing after more than two years, and there is no reasonable likelihood that the conditions would be rectified within a reasonable time considering the children's ages. Accordingly, we are not left with a definite and firm conviction that the trial court clearly erred by terminating respondent's parental rights under MCL 712A.19b(3)(c)(*i*).[3]

---

[3] Although the trial court focused on the continued lack of adequate housing, there was also testimony that respondent did not demonstrate improved parenting skills, including supervision of her children. The foster-care case manager testified that most parenting times were chaotic, that respondent had been dismissed from a supportive visitation program for excessive absences, and that she had not completed a trauma-informed parenting class. Parenting-time aides indicated that respondent did not effectively discourage the children's inappropriate behavior and that respondent did not consistently or effectively redirect them. Respondent dismissed the commotion at

The trial court also did not clearly err by terminating respondent's parental rights under MCL 712A.19b(3)(c)(*ii*). The court found that other conditions also existed that caused the children to come within the court's jurisdiction, including mental health, substance abuse, and employment. Although respondent claimed she had employment, she failed repeatedly to provide verification even after the trial court afforded her additional time. With regards to mental health, the trial court found that respondent underwent a psychological evaluation, but did not follow the evaluator's recommendations to engage in individual therapy, despite having multiple opportunities. Respondent testified that she made a last-minute effort to obtain individual therapy and claimed she was wait-listed by several service providers. But the foster-care caseworker testified that there were no waiting lists. We give due regard to the trial court's opportunity to assess the credibility of the witnesses who appeared before it. *In re Sanborn*, 337 Mich App at 276. Further, respondent's eleventh-hour effort was insufficient to show that she had participated in, *and* benefited from, counseling services. See *In re Atchley*, 341 Mich App 332, 339; 990 NW2d 685 (2022).

With regards to substance abuse, respondent did not participate in the random drug screening that the DHHS had required since summer 2023, and she admitted that she used amphetamine and methamphetamine. Respondent tested positive for amphetamine and methamphetamine over the last several months of the termination proceedings. Respondent insisted that the positive drug screens were false, and she claimed to have drug screens that she paid for from another facility that showed negative results. However, even after being afforded additional time to retrieve evidence, respondent failed to present any evidence of negative drug screens. On the third day of the termination hearing, respondent testified that she was on waiting lists for substance-use services at several providers. Again, we defer to the trial court's special opportunity to judge the credibility of the witnesses who appeared before it, *In re Sanborn*, 337 Mich App at 276. In addition, as already indicated, her eleventh-hour effort was insufficient to show that she had participated in, *and* benefited from, substance-use services. See *In re Atchley*, 341 Mich App at 339.

The totality of the evidence amply supports that respondent did not accomplish any meaningful change in the other conditions that existed, and there is no reasonable likelihood that the conditions would be rectified within a reasonable time considering the children's ages. Accordingly, we are not left with a definite and firm conviction that the trial court clearly erred by terminating respondent's parental rights under MCL 712A.19b(3)(c)(*ii*).

---

parenting time as typical for five children competing for respondent's attention, denied that the children fought or were aggressive, and stated that she believed that she had improved over time.

Because clear and convincing evidence supported termination under MCL 712A.19b(c)(*i*) and (*ii*), we need not address whether the trial court properly found statutory grounds for termination under MCL 712A.19b(3)(j).  See *In re Foster*, 285 Mich App at 633.[4]

Affirmed.

/s/ Stephen L. Borrello
/s/ Michael J. Riordan
/s/ Sima G. Patel

---

[4] Respondent does not challenge the trial court's decision that termination of her parental rights was in the children's best interests.  Nevertheless, having reviewed the record and the trial court's findings regarding the children's best interests, we conclude that the trial court did not clearly err by finding by a preponderance of the evidence that termination of respondent's parental rights was in the children's best interests.  Although each child had their own bond with respondent, she had not rectified the multiple barriers to her reunification with the children, and nothing in the record suggested that she would be able to do so within a reasonable time, given the children's ages.  The children had been in care for 18 months, and the record showed that they were bonded to their caregivers, happy in their placements, and improving at school and at home.  The caregivers met the children's needs and were willing to give them the permanency, stability, and finality that the children need.